THE STATE v. REAVIS, *Appellant.*

1. **Evidence as to Credibility of Witness.** Upon the trial of an indictment for larceny, one who had been joined with the defendant in the indictment, but had been released by a *nol. pros.*, was called as a witness. For the sole purpose of meeting insinuations of defendant's counsel that the witness was fully released from punishment in consideration that he would testify against defendant, the prosecuting attorney offered in evidence two indictments which were still pending against the witness and the defendant jointly,

71 419
98 109
71 419
100 672
71 419
107 346
71 419
72a 238
71 419
174 ²581
h174 ³582

charging them with other acts of larceny. *Held,* that they should have been excluded.

2. **Criminal Law**: EVIDENCE OF OTHER OFFENSES. Upon the trial of an indictment for larceny, evidence of other larcenies committed by the defendant is inadmissible.

3. **Testimony of Accomplice.** The rule announced by this court in the case of *The State v. Jones,* 64 Mo. 391, as to the weight to be attached to the testimony of an accomplice is adhered to.

*Appeal from Audrain Circuit Court.*—HON. G. PORTER, Judge.

REVERSED.

*Forrist & Fry* for appellant.

*J. L. Smith,* Attorney-General, for the State.

HOUGH, J.—At the October term, 1878, of the circuit court of Audrain county, the defendant and one John Ar-

1. EVIDENCE AS TO THE CREDIBILITY OF WITNESS.

nott were jointly indicted for grand larceny for stealing two head of cattle. A severance was ordered, and the defendant being arraigned, pleaded "not guilty." At the June term, 1879, a *nolle prosequi* was entered as to Arnott, and at the trial of the defendant Arnott was used by the State as a witness against him. It appears from the record that after testimony as to the larceny charged, as well as other larcenies, "the State then offered in evidence two indictments which the prosecuting attorney stated were indictments against the witness John Arnott, charging him with stealing other cattle about the same time. The court asked: 'Are they joint indictments against John Arnott and defendant?' The prosecuting attorney replied: 'They are, but I offer them only for the purpose of showing that the witness, John Arnott, has not been wholly released from liability to punishment, to meet the insinuations of defendant's counsel, that said witness was fully released in consideration that he would implicate and testify against defendant. I offer them for the purpose, and only for the purpose, of showing that whatever

the result of the case on trial, witness Arnott must still answer to these indictments.'" The indictments offered were received in evidence against the objections of the defendant. The court erred in permitting these indictments to go to the jury. They were not admissible even for the purpose stated, and they were certainly calculated to prejudice the jury against the defendant. The State should not have been permitted to show by indirection, that the defendant was under indictment for other offenses similar to the one for which he was then being tried. If the extent of the inducements held out to Arnott to testify against the defendant in this case, was a matter to be considered by the jury in determining his credibility, as is contended by the State, it would necessarily have involved the probability of conviction under the indictments pending against him in which no *nolle* had been entered. Arnott may not have apprehended any danger from those prosecutions, and may not, therefore, have demanded that a *nolle* should be entered in them. It was competent for the defendant to show that he was jointly indicted with him as an accomplice, and that he had received immunity from that prosecution in consideration for his testimony against the defendant, and there the inquiry on that subject should have stopped.

2. CRIMINAL LAW: evidence of other offenses. The testimony as to the stealing of other cattle, by the defendant and Arnott, at other times, was inadmissible.

3. TESTIMONY OF ACCOMPLICE. The instruction given by the court, of its own motion, as to the weight to be attached to the testimony of an accomplice, is in accordance with the decision of this court in the *State v. Jones*, 64 Mo. 391. For error committed in permitting the indictments mentioned to go to the jury, and in receiving evidence of the stealing of other cattle at another time, the judgment will be reversed and the cause remanded. The other judges concur.