STATE v. TURNER, *Appellant.*

1. **Criminal Evidence**: TESTIMONY OF PRISONER : CROSS-EXAMINATION. A defendant in a criminal case testifying in his own behalf, can be cross-examined only as to matters of which he testified in chief. See *State v. McLaughlin, ante,* p. 324.

2. ———— : EVIDENCE OF OTHER OFFENSES. It is error upon a criminal trial to permit the State to give evidence of other and distinct offenses committed upon other persons at other times and places.

*Appeal from Randolph Circuit Court.*—HON. G. H. BURCK-HARTT, Judge.

REVERSED.

*O. T. Rouse* for appellant.

*D. H. McIntyre*, Attorney General, and *A. H. Waller*, for the State.

RAY, J.—The judgment of the circuit court, in this cause, is reversed and the cause remanded for error committed in allowing the State's attorney to cross-examine the defendant as to matters and crimes not testified to by him, in his examination in chief. R. S. 1879, § 1918; *State v. McGraw*, 74 Mo. 573; *State v. McLaughlin, ante,* p. 324. The case of the *State v. Porter*, 75 Mo. 171, is also decisive of this case. This defendant and the said Porter were jointly indicted for the same offense. A severance was had, separate trials took place, resulting in convictions in both cases. The case of Porter was first tried, while that of defendant was continued to a subsequent term, when he also was convicted upon testimony, in all respects substantially the same. Porter took an appeal to this court where the judgment of the circuit court was reversed and the cause remanded, for the reason, that the State's attorney was permitted to cross-examine the defendant in relation to matters not testified to by him in his examination in chief. This defendant having also appealed, the same questions are here presented that were considered and decided in the *Porter case*.

In this case, as in the other, it also appears that on the trial and in rebuttal, the State's attorney was permitted to prove, over the objections of the defendant, other and distinct offenses, committed upon other persons at other times and places. This also was error. 70 Mo. 289; 71 Mo. 419.

For these reasons, as before stated, the judgment is reversed and the cause remanded. All concur.