| 89 | 129 |
| 100 | 533 |
| 36a | 35 |
| 89 | 129 |
| 44a | 430 |
| 89 | 129 |
| 115 | 404 |
| 89 | 129 |
| 56a | 412 |
| 89 | 129 |
| 88a | 399 |
| 89 | 129 |
| 166 | 239 |

## THE STATE v. CHAMBERLAIN, *Appellant.*

1. **Pleading, Criminal**: FORGERY: REPUGNANT ALLEGATIONS: STATUTE OF JEOFAILS. An indictment for uttering a forged and counterfeit promissory note, the purporting clause of which is as follows: "A note of one hundred dollars purporting to be made by T. M., which said false, forged and counterfeited promissory note is of the purport following: Note of one hundred dollars executed and signed by T. M.," is repugnant, since if the note was executed and signed by T. M. it could not have been forged. But such repugnant allegation is not fatal under the statute (R. S., sec. 1821), since there is sufficient matter alleged to indicate the crime and person charged.

2. **Practice, Criminal**: DEFENDANT AS WITNESS, CROSS-EXAMINATION OF. A defendant in a criminal cause who testifies in his own behalf, can only be cross-examined as to matters referred to by him in his examination in chief. R. S., sec. 1918.

3. **Evidence**: PRESUMPTION. Every presumption is against the destroyer of evidence.

4. **Practice, Criminal**: VENUE. It is not necessary in a criminal cause that the venue should be proved as laid in the indictment by direct or positive evidence. Circumstantial evidence may be sufficient.

*Appeal from Sullivan Circuit Court.*—HON. G. D. BURGESS, Judge.

REVERSED.

*A. W. Mullins* for appellant.

(1) The indictment is insufficient. Its allegations are inconsistent and repugnant. "If the indictment sets out that the instrument 'was signed' by the person whose name it alleges to have been forged, it is repugnant and bad; because if it was signed by such person it was not signed by defendant." 2 Bish. Cr. Proc., sec. 371. (2) The court erred in permitting defendant to be cross-examined as to matters not testified to by him in chief. R. S., sec. 1918; *State v. McGraw*, 74 Mo. 573; *State v. McLaughlin*, 76 Mo. 320; *State v. Turner*, 76 Mo. 350. (3) Because of the errors committed upon the trial, and the insufficiency of the evidence, the motion for a new trial should have been sustained. *State v. Mansfield*, 41 Mo. 470; *State v. Marshall*, 47 Mo. 378. (4) There is a total failure to show that the offence, if committed at all, was committed in Sullivan county, and the bill of exceptions contains a recital that all the evidence was embraced therein. The judgment, therefore, cannot stand. *State v. Apperger*, 80 Mo. 173; *State v. Wheeler*, 79 Mo. 366; *State v. Hughes*, 71 Mo. 633; *State v. Hartnett*, 75 Mo. 251; *State v. Babb*, 76 Mo. 501; *State v. Burgess*, 75 Mo. 541.

*B. G. Boone*, Attorney General, for the state.

(1) The allegations of the indictment are not repugnant. The necessary averments are made to properly charge forgery, and then the purport of each note as given. The purport is mere matter of description, and it cannot be said that, because it is stated that the notes purport to have been executed and signed by certain parties, that the indictment charges that such parties executed and signed the notes. It is not required that

both the purport and tenor of an instrument charged to have been forged be set out in the indictment. It is sufficient to describe it by its purport. This is done in the case at bar. Sec. 1814, R. S.; *State v. Pullens,* 81 Mo. 387. (2) In the cross-examination of defendant, the statute was complied with, as he was not questioned as to any matter not referred to in his examination in chief. Sec. 1918, R. S.; *State v. Owens,* 78 Mo. 367; *State v. Douglass,* 81 Mo. 231. (3) The action of the trial court was proper in overruling defendant's instruction in the nature of a demurrer to the evidence. *State v. Johnson,* 81 Mo. 60. (4) The venue need not be proved by direct and positive evidence, but if the evidence is such as to lead satisfactorily to the conclusion that the crime was committed in the county alleged in the indictment, this is a sufficient proof of the venue. *State v. Burns,* 48 Mo. 438; *State v. West,* 69 Mo. 404; *State v. McGinnis,* 76 Mo. 326.

SHERWOOD, J.—The defendant was convicted on the second count of an indictment which is as follows: "And the grand jurors aforesaid upon their oath aforesaid do further present that M. L. Chamberlain, on the seventeenth day of September, 1879, at the county of Sullivan, and state of Missouri, did unlawfully, fraudulently and feloniously utter as true and genuine, to one Warren McCullough, certain false, forged and counterfeit promissory notes, he the said M. L. Chamberlain then and there knowing the said promissory notes to be false, forged and counterfeited, of the purport following, to-wit: A note of one hundred dollars purporting to be made by Thomas Montgomery, which said false, forged and counterfeited promissory note is of the purport fol owing: Note of one hundred dollars, executed and signed by Thomas Montgomery, dated ——— day of March, 1879, payable nine months after date to J. C. Willard, bearing ten per cent. interest from date; a note

of three. hundred dollars purporting to be made by Daniel Baldridge, which said false, forged and counterfeited promissory note is of the purport following: Note of three hundred dollars, executed and signed by Daniel Baldridge, dated —————— of March, 1879, payable nine months after date to J. C. Willard, bearing ten per cent. interest from date ; a note of one hundred dollars purporting to be made by M. McCabe, which said false, forged and counterfeited promissory note is of the purport following : Note of one hundred dollars, executed and signed by M. McCabe, dated —————— of March, 1879, payable nine months after date to J. C. Willard, bearing ten per cent. interest from date; a note of two hundred and fifty dollars, purporting to be made by Robert Dalzell, which said false, forged and counterfeited promissory note is of the purport following: Note of two hundred and fifty dollars, executed and signed by Robert Dalzell, dated —————— day of March, 1879, payable nine months after date to J. C. Willard, bearing ten per cent. interest from date, with a credit of one hundred dollars on same and signed by Robert Dalzell making his mark, with intent unlawfully, fraudulently and feloniously to injure and defraud, against the peace and dignity of the state.''

I.    The indictment is in poor shape, and at common law would doubtless be held insufficient, because its allegations in the purport clause are clearly repugnant; for if the notes were ''executed and signed by Thomas Montgomery,'' then, of consequence, it could not have been forged by the defendant.  *Carter's Case*, 2 East P. C., 985 ; 2 Bish. Crim. Proc., sec. 417 ; 1 *Ib.* sec. 489, *et seq.;* I Chit. Crim. Law, 231 ; *State v. Flint*, 62 Mo. 393 ; Kelley Crim. Law, sec. 199.  But notwithstanding this, our statute covers this otherwise fatal defect ; for it provides that: ''No indictment or information shall be deemed invalid, nor shall the trial judgment or other proceedings thereon be stayed, ar-

rested or in any manner affected," etc., and after specifying many instances where an indictment shall not be held invalid, proceeds further to declare : "Nor for any surplusage or repugnant allegation, when there is sufficient matter alleged to indicate the crime and ·person charged ; * * * nor for any other defect or imperfection which does not tend to the prejudice of the substantial rights of the defendant, upon the merits." Sec. 1821. With such a broad statute in view, the indictment here, though lamentably repugnant, must be held as valid to all intents and purposes as though drawn by the most skillful hand. *State v. Edwards,* 60 Mo. 490. This conclusion ruled the first point against the defendant.

II. Section 1918, after providing that the defendant may testify in his own behalf, provides also that he shall be liable to cross-examination as to any matter referred to in his examination in chief. This statute has been passed upon several times. *State v. McGraw,* 74 Mo. 573; *State v. Turner,* 76 Mo. 350; *State v. McLaughlin, Ib.* 320 ; *State v. Porter,* 75 Mo. 171; *State v. Douglass,* 81 Mo. 231 ; *State v. Patterson,* 88 Mo. 88. And it has uniformly been held that no questions can be asked the defendant on cross-examination except of the character designated by the statute. In this instance the questions propounded to the defendant were altogether beyond the confines of the statute. This error must cause a reversal.

III. Relative to the instructions : I find no error in those given on the part of the state, and on the part of the defendant they set forth the law of the case very clearly. And the fourth instruction asked by defendant, and modified by the court, does not differ essentially from those heretofore approved by this court.

IV. I think there is ample evidence to sustain the conviction. The abstract leaves out several important points of a damaging character to defendant, which the

record contains.   He passed under an assumed name ;. the evidence tends to show that he destroyed the forged notes after his arrest, or that he concealed them so that they have never been seen since.   Every presumption is against the destroyer of evidence.   Whart. Crim. Evid., sec. 748 ; 1 Greenl. Evid., sec. 37 ; *Pomeroy v. Benton,.* 77 Mo. 64.

V.   As to the venue of the crime :   Although there is no direct evidence that the uttering was done in Sullivan county, yet there is sufficient circumstantial evidence to enable the jury to arrive at the same result. *State v. Burns*, 48 Mo. 438 ; *State v. West*, 69 Mo. 404 ; *State v. McGinnis*, 76 Mo. 326.

For the reason mentioned in paragraph two, the judgment is reversed and the cause remanded.   All concur.