THE STATE v. ELMER, *Appellant.*

Division Two, May 2, 1893.

**Criminal Practice:** REMARKS OF PROSECUTING ATTORNEY: DEFENDANT'S
EVIDENCE. The right of the prosecuting attorney to comment on the
testimony of a defendant who has testified in his own behalf extends
no further than does the right to cross-examine such defendant as to
matters testified to by him in his direct examination. (*State v. Graves,*
95 Mo. 510, *followed.*)

*Appeal from Livingston Circuit Court.*—HON. E. J.
BROADDUS, Judge.

REVERSED AND REMANDED.

*John L. Schmitz* and *Scott J. Miller* for appellant.

(1) The indictment in this case is insufficient, and
the court will take notice of its insufficiency, although
the appellant did not raise point in motion in arrest.
*Price Heirs v. Evans,* 26 Mo. 30; *Price Heirs v. Evans,*
5 Mo. 260; *Miner v. Cordell,* 37 Mo. 350. (2) The
court erred in allowing the prosecuting attorney in his
closing argument to the jury to refer to what the
defendant might have testified to but did not. They
were unfair and greatly prejudicial to defendant's case,
and the court should have corrected the statement.
Revised Statutes, 1889, secs. 4218, 4219; *Brown v.
Railroad,* 66 Mo. 599; *Marble v. Walters,* 19 Mo. App.
134; Bishop's Criminal Law [3 Ed.] sec. 975; *State v.
Zumbunson,* 86 Mo. 111; *State v. Lee,* 66 Mo. 165; *State
v. Kring,* 64 Mo. 591; *State v. Graves,* 95 Mo. 510;
*State v. Young,* 99 Mo. 666; *State v. Borham,* 82 Mo.
67; *Ritter v. Banks,* 87 Mo. 574; *State v. Martin,* 74
Mo. 547; *State v. Jackson,* 95 Mo. 623; *State v. War-*

*ford*, 106 Mo. 65; *State v. Moxley*, 102 Mo. 374. (3) The court should have sustained the objections offered by defendant's attorney to the state's cross-examination of defendant, as shown in bill of exceptions. He could not be examined on any point not drawn out in direct examination. Revised Statutes, 1889, sec. 4219; *State v. Brooks*, 92 Mo. 543. (4) The court should have compelled the state to try Minnie Lay for stealing the property, before trying defendant for receiving it, and defendant's objection was well taken. It is a truism that there can be no receiving of stolen goods which have not been stolen. Bishop's New Criminal Law, sec. 1140; *Commonwealth v. White*, 123 Mass. 431.

*R. F. Walker*, Attorney General, and *B. B. Gill*, Prosecuting Attorney, for the state.

(1) The language of the indictment is that of the statute defining the offense, and is sufficient. Revised Statutes, 1889, secs. 3553 and 3554; *State v. Owens* 78 Mo. 367; *State v. Johnson*, 93 Mo. 317; *State v. Crooker*, 95 Mo. 389. (2) When the trial court is authorized by the testimony to submit the case to the jury, and they have found the defendant guilty, the presumption is that it was sufficient to support the verdict, and the finding will not be disturbed unless it clearly appears they were actuated by prejudice and passion. *State v. Musick*, 71 Mo. 401; *State v. Gann*, 72 Mo. 374; *State v. Hammond*, 77 Mo. 158; *State v. Hicks*, 92 Mo. 432; *State v. Lowe*, 93 Mo. 547. (3) The remarks of the prosecuting attorney of which defendant complains were within the bounds of legitimate argument. *State v. Jackson*, 95 Mo. 623; *State v. Anderson*, 89 Mo. 312. Even though the bounds of legitimate argument were exceeded, this is not sufficient to warrant a reversal. *State v. Young*, 105 Mo. 634.

BURGESS, J.—Defendant was convicted at the September term, 1892, of the circuit court of Livingston county under an indictment against him for having received $40 in money knowing at the time that the same had been stolen by one Minnie Lay. His punishment was fixed at two years' imprisonment in the penitentiary, and, having filed his motion for new trial and also in arrest and the same being overruled, he appeals to this court.

The evidence tends to sustain the allegations in the indictment.

We have, with much care, examined the record in the case and find no reversible error in the admission or exclusion of evidence, or giving or refusing instructions.

The bill of exceptions shows, however, that the defendant was sworn as a witness in his own behalf and that the prosecuting attorney in his closing remarks to the jury, among other statements, said that: "Although the defendant was sworn on his own behalf he nowhere denied that he received the money from Minnie Lay. Neither did he deny but what he was guilty." That "his attorney did not dare to ask him these questions while on the stand, and why did they not ask him these questions of importance? Gentlemen, they did not dare to ask them!" These statements were objected to at the time and the attention of the court called to them and asked to rebuke the attorney making them, but the court did not sustain the objection or pay any attention to it.

Defendant had stated while on the witness stand that on Saturday, the day next preceding the night on which the money is alleged to have been stolen, he had a $20 bill, two tens, and $7 or $8 in money. He was not asked on his direct examination how or where he

got it, or whether he was guilty as charged or not. But he did state on his cross examination that he worked for it, that he got in a little game or so in Kansas City, Kansas, and 'that he ran a little game in Albuquerque.

This court in passing on this question in the case of the *State v. Graves*, 95 Mo. 510, held, Judges SHERWOOD and BRACE dissenting, that the right of a prosecuting attorney to comment on the testimony of the defendant who offers himself as a witness in his own behalf extends no further than his right to cross-examine him in regard to matters testified to by him in his direct examination. See also *State v. Porter*, 75 Mo. 171; *State v. Douglass*, 81 Mo. 231; *State v. McLaughlin*, 76 Mo. 320; *State v. Patterson*, 88 Mo. 88; *State v. Chamberlain*, 89 Mo. 129.

Governed then by the rule announced in these decisions the state would have had no right to cross-examine the defendant as to where and how he got the money, had it been objected to, or whether he was guilty of having stolen it, and if he had not gotten it from Minnie Lay. If then this be the rule as laid down by this court, and we so understand it, the remarks objected to as herein set forth were entirely out of the record, unauthorized by the evidence in the case and prejudicial to the rights of defendant.

We are aware that a different rule was announced by SHERWOOD, Judge, in the case of *State v. Jackson*, 95 Mo. 623, and *State v. Anderson*, 89 Mo. 312, but, on the question now under discussion, these opinions were only concurred in by BRACE, J., the other members of the court dissenting therefrom.

Counsel in addressing juries in cases of this character have frequently been admonished by this court of the impropriety of making statements unauthorized by the evidence and facts, and thus inject error for which they have been and must

continue to be reversed. We regret the necessity of having to reverse this case as we are compelled to do under repeated adjudications upon the ground alone of the remarks of the prosecuting attorney in his closing address to the jury. The judgment is reversed and the cause remanded. All concur.