THE STATE v. JOHN JAMES and CHARLES JOHNSON, Appellants.

Division Two, February 2, 1909.

1. **BILL OF EXCEPTIONS: Defective Transcript.**   Where the record proper and bill of exceptions in a felony case are both embraced in the transcript, though matters of record proper are mingled in the bill, the errors complained of will be considered on appeal.

2. **INSTRUCTIONS: All the Law: No Request: Two Defendants.** Where two defendants are tried together for a joint robbery, the court should instruct the jury that they may find one or both guilty or acquit one or both.   But where defendants asked no such instruction, but did save an exception to the court's failure to instruct on all the law of the case, and on making that objection were asked by the court to present any additional instructions they might desire, or to suggest to the court any questions upon which they desired additional instructions, with which request they did not comply, the judgment will not be reversed because the court failed to instruct that one or both defendants might be acquitted or one or both convicted.

3. **REMARKS OF ATTORNEY: Defendant As Witness.**   The statute prohibits the cross-examination of a defendant upon any matter not referred to in his examination in chief, and the right of the prosecuting attorney to comment upon the testimony of a defendant who offers himself as a witness in his own behalf, extends no further than his right to cross-examine him.

4. ———: ———: **Reversible Error.**   Counsel for the State in his argument to the jury, referring to defendants, said: "The only question that they would answer was that they didn't rob the

man;" and upon objection the court said, "Will let him discuss it;" and defendants saved an exception. While the prosecuting attorney was arguing the case, defendant's counsel said: "Object to that statement of the prosecuting attorney saying they closed their mouths to everything except the bare statement that they didn't get the money, and ask the court to rebuke the prosecuting attorney." The court overruled the objection, and an exception was saved. The prosecuting attorney further said: "These men go through the country wrecking, beating and robbing our citizens," and the court overruled an objection, and exception was saved. *Held*, reversible error. The first two remarks were a direct comment upon the failure of defendants to testify to other facts concerning the case, and the other should not have been made.

5. ——: ——: **Saved For Review.** It was not necessary in order to preserve these remarks of the State's counsel to first quote their remarks just as made, and then make the objections, but they were sufficiently preserved for review. Counsel did not insist that they did not make such remarks, and the court recognized that they were made, and proceeded to rule upon objection to them just as if they had been made.

Appeal from Pemiscot Circuit Court.—*Hon. Henry C. Riley*, Judge.

REVERSED AND REMANDED.

*Sterling H. McCarty* for appellants.

(1) The court erred in failing to instruct on all of the law in the case in this respect, among others, that though defendants were jointly indicted and jointly tried, yet the court did not instruct the jury that they might find one or both the defendants guilty, or acquit one or both of them as they might find the facts to be. At the time the court instructed the jury, exceptions were taken by the defendants because the instructions did not include all the law in the case. The point was again clearly raised in the motion for a new trial. It was clearly the duty of the court to give an instruction on this phase of the case. Laws 1901, p. 140; State v. Vaughn, 200 Mo. 1; Abrahams v. State, 121 Ga. 170; State v. Daniels, 115 La. Ann.

59. (2) The court erred in permitting counsel for the State to be guilty of, and counsel for the State were guilty of, misconduct on the trial of this case, in criticising defendants for failure to testify, in their closing argument to the jury. R. S. 1899, sec. 2637; State v. Weaver, 165 Mo. 12; State v. Snyder, 182 Mo. 527; State v. Fairlamb, 137 Mo. 150; State v. Graves, 95 Mo. 513.

*Herbert S. Hadley,* Attorney-General, and *F. G. Ferris,* Assistant Attorney-General, for the State.

(1) So far as the transcript of the record discloses, there is nothing to distinguish the matters of record from those which are purely matters of exception, and the latter can only be made a part of the record by filing a duly authenticated bill of exceptions. Therefore, there is nothing in this case for the court to review but the record proper. (a) The bill of exceptions must be positively and plainly authenticated and identified at each end, or it will not be considered. Its place of beginning is not to be determined by conjecture. Reno v. Fitz Jarrell, 163 Mo. 411; State v. Baty, 166 Mo. 561; Clay v. Union Co., 200 Mo. 665. (b) Motions for new trial and in arrest, and the instructions have no place in the record proper, and in the absence of a bill of exceptions preserving the action of the court upon such matters, they cannot be considered in the appellate court. If the record proper is free from error, the judgment will be affirmed. State v. Herron, 199 Mo. 159; State v. Wright, 186 Mo. 121. (2) If defendants desired further instructions it was their duty, in fairness to the trial court, to offer same, or, at least, to call the court's attention to any matter of law arising in the case upon which the court had failed to instruct. Defendants, having refused to speak when they would have been heard, will not now be heard when they would speak. State v. Barnett and Baker, 203 Mo.

640; State v. West, 202 Mo. 137; State v. Espenscheid, 212 Mo. 223; State v. McCarver, 194 Mo. 742; State v. Bond, 191 Mo. 563.   (3) Defendants' counsel did not directly quote the prosecuting attorney, and it is not clear whether defendants' counsel was attempting to make an indirect quotation or attempting to state in his own language his own understanding or conclusion, which may have been an erroneous one, of what the prosecuting attorney had said.  The trial court heard the exact language of the prosecuting attorney, as well as the objection of defendants' counsel, and in clear view of all the facts overruled the objection.  This court, not having the exact language of the prosecuting attorney before it in the record, cannot undertake to say that the trial court erred in permitting its use without rebuke.

FOX, J.—The defendants in this cause appeal from a judgment of conviction of robbery in the first degree in the circuit court of Pemiscot county, Missouri.

On the 14th day of November, 1907, the prosecuting attorney of Pemiscot county filed in the office of the clerk of the circuit court of said county an information, duly verified, charging the defendants with the crime of robbery in the first degree.  Substantially, this information charged that the defendants, on the 20th day of October, 1907, in said county, feloniously did make an assault upon one Marshall Luther, and by putting the said Marshall Luther in fear of immediate injury to his person and by force and violence and against his will feloniously and violently did rob, steal, take and carry away from the person of said Luther of his goods and property, the sum of $9.75, lawful money of the United States, of the value of $9.75.  On the 25th day of February, 1908, both of the defendants waived arraignment and pleaded not guilty to the charge in the information.  They were

then put upon their trial before a jury upon said charge.

We deem it unnecessary to set out in detail the evidence on the part of the State or that in behalf of defendants. It is sufficient for the purpose of determining the legal propositions presented to briefly indicate the nature and character of the testimony developed upon the trial.

On the part of the State the prosecuting witness testified that the defendants accosted him near an old depot in the town of Caruthersville, and dragged him a short distance to a box car, which was standing on a side track near by. He further testified that they forced him into the box car, beat him on the head and arm with a cane and knocked him down with their fists in the car, and by this means took from his person $9.26 in money. He identified the defendants as being the parties who had robbed him.

The defendants upon their part testified in their own behalf and denied the charge in the information; denied having any knowledge of or acquaintance with Luther.

It further appears in evidence that the prosecuting witness, within a short time after it is claimed that he was robbed, reported the same to the town marshal, who went to the box car and found the defendants there and immediately searched them and found in their possession only the sum of four dollars and some cents.

The defendants introduced a witness by the name of Clay Secoy, who testified that, on the night and before the hour of the supposed robbery, the prosecuting witness was in a slum district of the town of Caruthersville, and was drunk, without money and asking for money to get a bed. The State, however, introduced testimony tending to show that this witness was unworthy of belief, or at least tending to lessen the weight of his testimony. It was shown by

the State that Secoy was arrested the night of the robbery for playing a game of craps. Secoy, upon cross-examination, admitted that he had been frequently convicted of crime and had been imprisoned in the penitentiary, but said that he had been pardoned for the penitentiary offense. It was also shown by the defendants, upon the cross-examination of Luther, that he was resting under a charge pending against him in Dunklin county for assaulting some young men. There was other testimony introduced on the part of the defendants tending to show that the prosecuting witness made conflicting statements as to the amount of money of which he was robbed, as well as the kind of money. There was other testimony on the part of the State tending to contradict testimony on the part of the defendants that Luther, the prosecuting witness, was drunk on the night of the robbery.

At the close of the evidence the court instructed the jury and the cause was submitted to them and they returned a verdict finding both of the defendants guilty and assessing their punishment at imprisonment in the penitentiary each for a term of ten years.

Timely motions for a new trial and in arrest of judgment were filed and by the court overruled. Sentence was pronounced and judgment followed in accordance with the verdict returned by the jury. From this judgment and sentence the defendants prosecute their appeal to this court and the record is now before us for consideration.

## OPINION.

### I.

At the very threshold of the consideration of this cause we are confronted with the challenge by the representative of the State of the sufficiency of the record to authorize a review of the errors complained of, except as they appear upon the record proper. Direct-

ing our attention to that question it must be frankly conceded that the transcript itself mingles matters of record proper in the bill of exceptions, and the form in which this record is presented for our consideration is by no means to be commended. However, an examination of it convinces us that the entire record, both record proper and bill of exceptions, are embraced within this transcript; therefore, we will not deny the appellants the right to have the expression of the views of this court upon the errors complained of.

## II.

The complaints of learned counsel for appellants, as indicated by the brief now before us, are:

*First.* That the court failed to declare all the law to the jury which was applicable to this case.

*Second.* That the court committed error in permitting, without rebuke, the attorneys prosecuting for the State to make improper remarks in their addresses to the jury, which were prejudicial to the defendants.

Upon the first proposition our attention is directed to the failure of the court to instruct the jury that they might find one or both of the defendants guilty or acquit one or both of them, as they might find the facts to be, and in support of this insistence, that the failure to so instruct the jury constitutes error, our attention is directed to the case of State v. Vaughan, 200 Mo. 1.

The disclosures of the record in the Vaughan case in respect to this particular proposition were entirely different from the record in the case at bar. In the Vaughan case the appellant prepared an instruction declaring the law as defendants in the case at bar say it should have been declared. The court refused that instruction and this court held that it committed error.

The record in this case embraces the instructions given by the court as well as the exceptions taken by

the defendants on the ground that the instructions did not include all the law in the case, but it will be observed that it further discloses that upon the objection of counsel being interposed to the instructions of the court as not declaring all the law in the case, the court then requested the defendants to have their counsel present to the court such additional instructions as they might desire, or suggest to the court any questions upon which they desired the court to give additional instructions. This request the defendants did not comply with, nor did they present to the court any additional instructions or suggest any point upon which they desired the court to give additional instructions.

While courts should, where defendants are jointly tried, give the instruction suggested in this case, yet under the disclosures of the record, where the court especially requested counsel to suggest in what particular the failure to fully instruct the jury consisted, and this request was ignored, we are inclined to the opinion that this failure, under the circumstances as indicated by the record, would not constitute such error as would authorize this court to reverse the judgment.

## III.

This brings us to the consideration of the complaint so earnestly urged by counsel for appellants concerning the remarks of the attorneys prosecuting for the State.

The record discloses that there were two counsel representing the State. Mr. Corbett made the opening argument, and the record discloses that counsel for appellant objected to the remark of counsel that, "The only question that they would answer was that they didn't rob the man." The court, upon this objection being made, simply said: "Will let him dis-

cuss it;'' whereupon counsel duly preserved his exceptions to the action of the court. Mr. McKay made the closing argument for the State. Counsel for appellants during this argument interposed objections and used this language: ''Object to that statement of the prosecuting attorney saying they closed their mouths to everything except the bare statement that they didn't get the money and ask the court to rebuke the prosecuting attorney.'' The court overruled the objection, to which the defendants excepted. The further objection was made to the prosecuting attorney saying: ''These men go through the country wrecking, beating and robbing our citizens.'' The court overruled the objection to this remark and the defendants preserved their exceptions.

At the very inception of the discussion of this proposition the learned Attorney-General insists that the record does not properly preserve the remarks of the attorneys prosecuting for the State in this, that the remarks of the attorneys representing the State were simply preserved in the objection made by counsel for the defendants, and that in order to properly preserve such improper remarks it should be clearly stated that the prosecuting attorney made such remarks, quoting them just as made.

It is only necessary to say upon that question that in our opinion the improper remarks are sufficiently preserved in the record. Counsel for the appellants made the objection and stated what the remarks were. The attorneys representing the State were present. They did not insist before the court that they did not make any such remarks; nor is it disclosed by the record that the court did not fully recognize that such remarks were made, for the court proceeds to rule upon the objections just as made, and in one of the objections it is said, ''The objection is made to the statement of the prosecuting attorney saying,'' etc.

That is a plain, clear statement that the prosecuting attorney made the remark in his address to the jury, and that they were made to the jury is sufficiently disclosed by the record for the reason that the attorneys representing the State and the court fully recognized that they were made, but evidently felt that it was legitimate argument.

It is expressly provided by the statute that a defendant criminally charged may testify in his own behalf, but the cross-examination of the defendant shall be limited to such matters as the defendant referred to in his examination in chief. Then follows the provision of the statute that if the accused shall not avail himself or herself of his or her right to testify, it shall not be construed to affect the innocence or guilt of the defendant, nor be referred to by any attorney in the cause, nor be considered by the court or jury before whom the trial takes place.

The same proposition that is involved in the case at bar, that is, whether or not the prosecuting attorney can comment upon the fact that the defendant who offers himself as a witness failed to testify as to every particular fact while on the stand to which no reference was made in his examination, has repeatedly been in judgment before this court. If the provisions of the statute, as heretofore indicated, are to be held as having any force or vitality, and the adjudications by the Supreme Court of this State interpreting the true meaning and effect of such statements are to be longer followed, we see no escape from the conclusion that the remarks of the attorneys representing the State, in their addresses to the jury as heretofore indicated, constitute reversible error.

It does not answer this proposition to say that this is a mere technicality. The law-making power of this State has prohibited the cross-examination of a defendant upon any matter not referred to in his examination in chief, and it has been expressly ruled

by this court that the right of the prosecuting attorney to comment upon the testimony of a defendant who offers himself in his own behalf, extends no further than his right to cross-examine him in regard to matters testified to by him in his direct examination.

In State v. Graves, 95 Mo. 510, which was a charge of larceny, the defendant offered himself as a witness, and testified: "I never received any bottle of medicine of Hub Wright; had nothing to do with it." This was the whole of his evidence. The prosecuting attorney in his closing argument was permitted by the court without rebuke (although objection was made) to comment upon the fact that defendant, when on the stand, could have told where he was on the night of the larceny, but failed to make any statement as to where he was. Judge NORTON, speaking for this court, held that this constituted reversible error, and in discussing the proposition made reference to the provisions of the statute heretofore referred to, and then said: "If the statute forbids comment upon what he might have sworn to when he elects not to go on the stand, why does it not in its essence and spirit, when he elects to testify, also forbid comment upon what he might have sworn to while on the stand and which he elected, as under the statute he had the right to do, not to testify about?" Upon this ground alone that cause was reversed and remanded for a new trial.

In State v. Elmer, 115 Mo. 401, this court, speaking through Judge BURGESS, in treating of this question, in no uncertain terms announced the rule applicable to this subject. It was there said: "This court in passing on this question in the case of the State v. Graves, 95 Mo. 510, held that the right of a prosecuting attorney to comment on the testimony of the defendant who offers himself as a witness in his own behalf extends no further than his right to cross-examine him in regard to matters testified to by him in his direct examination. [See, also, State v. Porter,

75 Mo. 171; State v. Douglass, 81 Mo. 231; State v. McLaughlin, 76 Mo. 320; State v. Patterson, 88 Mo. 88; State v. Chamberlain, 89 Mo. 129.] Governed, then, by the rule announced in these decisions the State would have no right to cross-examine the defendant as to where and how he got the money, had it been objected to, or whether he was guilty of hav-, ing stolen it, and if he had not gotten it from Minnie Lay. If, then, this be the rule as, laid down by this court, and we so understand it, the remarks objected to as herein set forth were entirely out of the record, unauthorized by the evidence in the case and prejudicial to the rights of defendant. We are aware that a different rule was announced by SHERWOOD, J., in the case of State v. Jackson, 95 Mo. 623, and State v. Anderson, 89 Mo. 312, but, on the question now under discussion, these opinions were only concurred in by BRACE, J., the other members of the court dissenting therefrom. Counsel in addressing juries in cases of this character have frequently been admonished by this court of the impropriety of making statements unauthorized by the evidence and facts, and thus inject error for which they have been and must continue to be reversed. We regret the necessity of having to reverse this case, as we are compelled to do under repeated adjudications, upon the ground alone of the remarks of the prosecuting attorney in his closing address to the jury.''

In State v. Fairlamb, 121 Mo. 137, it was again expressly ruled that it was improper to comment on defendant's failure to testify to any particular fact, citing in support of such rule, State v. Graves, 95 Mo. 510; State v. Elmer, 115 Mo. 401; State v. Walker, 98 Mo. l. c. 118.

The remarks of the attorneys prosecuting for the State, as preserved in the record, were a direct comment upon the failure of the defendants to testify to other facts concerning the case. In other words, they

said to the jury, concerning these defendants as witnesses, that "the only question that they would answer was that they didn't rob the man," and that "their mouths were closed to everything except the bare statement that they didn't get the money."

In State v. Graves, supra, the judgment was reversed upon the sole ground of improper remarks by the prosecuting attorney. To the same effect is State v. Elmer, supra, where the judgment was reversed upon no other ground than that the prosecuting attorney in addressing the jury extended his discussion of the defendant's evidence beyond the limits of what he was authorized to do under the provisions of the statute, and it was there held that the comment by the prosecuting attorney on the testimony of the defendant who offers himself as a witness in his own behalf extends no further than his right to cross-examine him in regard to matters testified to by him in his direct examination.

An examination of the cases heretofore cited will demonstrate that the remarks of the prosecuting attorneys were far less objectionable than the remarks complained of in the case at bar.

In this case manifestly the remarks as heretofore indicated, in effect were simply appeals to the jury that the defendants had declined to testify fully concerning this case, or as to any other facts in it with the exception that they didn't rob the prosecuting witness. The language used is susceptible of no other interpretation, and unless we are willing to totally ignore the provisions of the statute, as well as the well-settled interpretations of them by this court, then there can be no escape from the conclusion that the remarks of the prosecuting officers in this case constitute reversible error.

We deem it unnecessary to discuss the complaint as to the other language used in which it was said in addressing the jury, referring to the defendants, that

"these men go through the country wrecking, beating and robbing our citizens." It is sufficient to say of this remark that it should have been left unsaid. While it may be that these defendants are mere tramps and may be guilty of the offense charged, yet they are entitled to a trial according to the forms of law, and the prosecuting officers should confine their remarks to a legitimate discussion of the facts developed upon the trial and the instructions of the court applicable to such facts.

## IV.

This brings us to the consideration of the suggestion by counsel for appellants that the testimony was insufficient to support the verdict. With this suggestion we are unable to agree. There was substantial testimony tending to show the guilt of defendants, and if the jury, who are the sole judges of the facts, believed such testimony to be true, it would furnish ample support for the conclusions reached, and their verdict should not be disturbed upon that ground.

We have indicated the errors for which this cause should be reversed, and while it may be stated, as above suggested, that the evidence was at least sufficient to support the verdict, yet the defendants have the undoubted right, under the provisions of the statute, to insist that the cause shall be fairly submitted to the jury, and that nothing shall be said or done by the prosecuting officers which violate the provisions of the statute or have a tendency to endanger a fair and dispassionate consideration of the testimony offered in proof.

Entertaining the views to which we have herein given expression, the judgment of the trial court should be reversed and the cause remanded for a new trial. It is so ordered.

All concur.