But the Court ordered the jury to be inquired of as to the defendants severally ; and they answered, that they found Wood not guilty, but could not agree as to Sherburn ; and added, that they had no prospect of agreeing.
The Court thereupon discharged them of the indictment, ordered Wood to go without day, and the indictment continued as to Sherburn, who recognized for his appearance at the next term.†

 Upon an indictment against two persons, charging them with a joint and'single offence, as stealing in a dwelling-house, both or either may be found guilty, but they cannot be found guilty of separate parts of the charge; and, if they be found guilty separately, judgment cannot be passed upon one, unless a pardon be obtained, or a nolle prosequi be entered, as to the other. Rex vs. Hempstead al., R. R. 344. So, if two be charged jointly with receiving stolen goods, a joint act of receiving mus* be proved. Proof that one received in the absence of the other, and afterwards deliv ered to him, will not suffice. Rex vs. Messingham, R. & M. 257. But, where several are indicted for burglary and larceny, one may be found guilty of burglary and larce ny, and the others of larceny only. Rex vs. Butterworth & al., R. & R. 520. See Rex vs. Turner, 1 Sid. 171.