## SOLOMON HAMPTON V. THE STATE.

1. CHARGE OF COURT.—When two are indicted jointly for murder, and the evidence is circumstantial, the jury should be instructed that they must pass upon the guilt of each, and that they may convict one and acquit the other.
2. TESTIMONY OF WIFE.—Where the wife is called to testify in behalf of her husband, on trial in a criminal case, the prosecution has the right to cross-examine her touching her testimony on a former trial or examination of the same case.

APPEAL from Austin. Tried below before the Hon. Livingston Lindsay.

Henry Shackelford was killed by a shot fired from Solomon Hampton's house, at night, where he and Hezekiah Hampton were. Shackelford and another had accompanied the sheriff to Hampton's house to arrest Hezekiah, an escaped penitentiary convict. Hezekiah had threatened to kill any one who should attempt to rearrest him. The testimony did not disclose who fired the shot. The circumstances indicated that Solomon Hampton's gun was used. The wives of both Solomon and Hezekiah were also in the house. Being indicted for murder, on the trial the court charged the jury, in conclusion:

"If the jury believe from the evidence, at the time of the killing of Henry Shackelford, that he, the said Shackelford, was engaged with C. Langhammer, the sheriff of the county, in the lawful attempt to recapture Hezekiah Hampton, an escaped convict from the penitentiary, who was then and there present in the house, and that defendants knew and understood that the purpose of the sheriff was to retake the said Hezekiah Hampton, and they, the said defendants, resisted the capture, and in making such resistance the said Henry Shackelford was killed by one or more gunshots from the house in which the prisoners were, they are guilty of murder in the first degree, no matter by which party the shot or shots were fired. If they mutually agreed to make

such resistance, and the death of Henry Shackelford resulted from such resistance, they are equally guilty, and liable to the same punishment by law.

"If the jury have a reasonable doubt, from all the evidence, that the defendants had previously determined to resist the recapture of Hezekiah Hampton, or a reasonable doubt about the said Henry Shackelford being killed by a shot from the house in which they were, and that one or the other of them made the fatal shot by agreement or consent of the other at the time of the killing, then they would be required by the law to acquit; but such reasonable doubt must arise out of the evidence itself."

The defendant, Solomon Hampton, asked the court to charge the jury—

(3) "If, after hearing all the evidence, the jury believe that the death of Henry Shackelford may have been caused by any other person than Solomon Hampton, then you will acquit him.

(4) "Where several defendants are tried together, the jury may convict such of the defendants as they deem guilty, and acquit others.

(5) "Where the jury, on the trial of several defendants, agree to a verdict as to one or more, and cannot agree as to others, they may find a verdict as to those in regard to whom they agree."

The above clause of the charge given to the jury, and the refusal of the third, fourth, and fifth of charges asked, set forth above, were assigned as error on appeal.

On the trial, Esther Hampton, wife of Solomon, testified for her husband, that other men were in the house besides defendants; and on cross-examination by the State, she was asked, as to her testimony on the examination before the committing magistrate, and answered that she had then testified that no other man was in the house. The ruling of the court allowing such cross-examination was also objected to.

*M. C. Kleberg*, for appellant.

*George Clark, Attorney General*, for the State.

REEVES, ASSOCIATE JUSTICE.—The appellant was jointly indicted with Hezekiah Hampton for the murder of Henry Shackelford.

The jury found both defendants guilty of murder in the first degree, and assessed their punishment at confinement in the penitentiary for life.

Solomon Hampton alone moved for a new trial, which being overruled, he has appealed.

It appears from the evidence that Hezekiah Hampton was a convict from the penitentiary, but employed on the plantation of W. D. Fields, in Fort Bend county, at the time he made his escape. He was pursued by the deceased and another person, in company with the sheriff of the county, and found at the house of his father, Solomon Hampton, the appellant. Shackelford, whilst standing at one of the doors of the house, was fired upon by some one from the inside, and mortally wounded.

The court refused to instruct the jury, as requested by Solomon Hampton, that if the jury believed from the evidence that the death of Henry Shackelford may have been caused by any other person than said Solomon Hampton, they should acquit him.

The court also refused to charge that, where several defendants are tried together, the jury may convict such of the defendants as they deem guilty, and acquit the others.

The propositions contained in these charges were not embraced in the instructions of the court. The instructions given to the jury were calculated to make the impression, though not so intended, that they should convict or acquit both defendants without deciding as to the guilt or innocence of each one. The jury was not informed as to the verdict they should render if both defendants were not guilty. The

acquittal of the defendants was made to depend upon the jury having a reasonable doubt from the evidence that they had previously determined to resist the recapture of Hezekiah Hampton, or a reasonable doubt that Henry Shackelford was killed by a shot from the house in which the defendants were, and that one or the other of them made the fatal shot by agreement or consent of the other at the time of the killing. In that event, the jury was told that they would be required by the law to acquit. The jury should have been further instructed substantially as asked by the defendant Solomon Hampton.

It was not shown who fired the shot from the house. The gun belonged to Solomon Hampton. One of the witnesses testified to a conversation with Hezekiah Hampton, and said that Hezekiah inquired of him if he had any buckshot; and told him if any one attempted his arrest that he would kill him or be killed himself. The gun was found next day at Solomon Hampton's house, where the killing took place and where Hezekiah Hampton lived before he was sent to the penitentiary on the previous conviction, and where his family still resided. It was shown on the trial that Solomon Hampton came out of the house soon after the sheriff and his party came up and called to him to get up and make a light; and after being told who they were, or was told that he was sheriff, he was ordered to go into the house and shut the door, which he did, saying at the time " that he did not want anything anyway." The witness says the shot was fired from the inside of the house immediately after Solomon Hampton entered the door.

Esther Hampton, wife of Solomon Hampton, testified that there was another man in the house besides Solomon and Hezekiah Hampton at the time Shackelford was shot, though she admitted that she had made a different statement before the examining court, and that she then said that Solomon and Hezekiah Hampton were the only men in the house, and

that she and Melissa, Hezekiah Hampton's wife, were also in the house at the time referred to.

There was no error in the question put to the witness on her cross-examination as to the statements she had previously made in the examining court. The credibility of the witness was a question for the jury. The evidence entitled the appellant to have his case passed upon by the jury under a proper charge from the court.

Believing that the law as applicable to the case of appellant was not sufficiently charged to the jury, and that the court erred in refusing to give the instructions asked by appellant and before noticed, the judgment is reversed and the case remanded.

                                        REVERSED AND REMANDED.