GABE HERALD v. THE STATE.

*No. 961. Decided May 6th, 1896.*

**1. Aggravated Assault—Instrument Used—Allegation and Proof.**

Where an information charged an aggravated assault with a knife, the allegation is not sustained, nor a conviction warranted, upon proof that the assault was committed with a stick.

**2. Same.**

Where an indictment or information particularizes the transaction upon which the charge of an assault, or assault and battery, is based; the proof must be confined to the transaction so particularized.

APPEAL from the County Court of Fayette. Tried below before Hon. W. S. ROBSON, County Judge.

Appeal from a conviction for simple assault; penalty, a fine of $5.

The testimony of the prosecutor and of the defendant is reproduced as follows:

Joe Powell testified: "I had a difficulty with defendant on the 27th of April last. Defendant's children passed by my house and said something to one of my daughters, and my daughter made complaint to me. I told the defendant's children that they had better behave themselves. They laughed at me and one of them patted her butt. I live just across the street from the defendant. I saw him leave his house and go up town. I went to where my wife was keeping a chili stand on the sidewalk on the public square, about half way of the block from Haase's corner; when I got ready to go home I started with the baby in my arms. When I got to Haase's store I saw defendant. Defendant asked me what was the matter with me and his children. I told him that his oldest girl patted her butt to me. He said I was a liar and I then called him a liar; I then handed my baby to my wife and started to the defendant, and he struck me a lick on my shoulder which nearly paralyzed my left arm; I then grabbed the stick when the defendant hit me on the head with his fist. I took the stick from the defendant and hit him over the head several times. Then defendant ran out into the street and I was right after him. I ran him around in the street in front of Haase's store and then he ran around the corner, where all at once the defendant stopped and ran back towards me. I caught him in the collar with my left hand and held him fast. I don't know whether I struck him then or not, but he drew his knife and stabbed me twice in the left arm to the bone. He then cut my clothing across my belly. If I had not held him I believe he would have killed me. I fainted from loss of blood—from the two wounds I received—and was confined to my bed for four weeks. I had J. W. Carhart as my attending physician. After defendant, Herald, spoke to me I thought then there was going to be a fuss, and for fear that the child which I carried would be struck I handed it to my wife and turned towards Herald. I started towards him and he struck me with his stick. I then grabbed with him and took it from him."

Cross-examination: "When I handed my child to my wife and started to the defendant it was my purpose to give him a good whipping, I took the stick from him and hit him several blows over the head. The defendant then ran from me and I was right after him. I was running after him to catch him and give him a good beating with the stick, and if I had caught him I would have made life a burden to him. I had run some little time and distance before he cut me. I don't know that my boy John was trying to strike the defendant at the same time I was—I suppose any boy would try to help his father. At the time the defendant was running from me I heard some one say, 'look out, he is getting out his knife.' I was not after the defendant for fun. I intended to punish him. I have his stick yet." State here rested.

Defendant testified: "On the 27th of April last my little girls came home and told me that Joe Powell had threatened to whip them, and that

they had done nothing to him. I had been down two weeks with a spell of the bloody flux and was very weak. I was able to walk with the aid of a stick; I went up in town to tell Mr. Bradshaw about it. As I came back to Haase's store I passed Powell, but said nothing to him; I stopped at Haase's store and was talking with Wallace Rodgers. Pretty soon Powell came along with his family; when Powell got nearly to me I asked him what was the matter with him and my children, and that I wished he would let them alone. He told me what the children did, and as I saw them at the time mentioned and knew that they did no such a thing, I told him it was a lie; and then he called me a liar and handed his child to his wife and made at me, and took the stick from me and began to beat me over the head with it; I was too weak to fight, and being no match physically with him, I ran from him, but he followed me with the stick; I ran around and made various turns but I could not get away from him. There were lots of people standing around but no one seemed disposed to stop him; when we struggled over the stick Powell's son John attempted to assault me, but Wallace Rodgers held him. But after I started to run Rodgers turned John Powell loose, and he and Joe, and Joe Powell's wife, were all after me; but Joe Powell was in advance of the others. Finally I got on the west side of Haase's store, in Main street; I was about exhausted and could run no longer. I then stopped and pulled my knife, and Powell ran onto me, and seized me, and struck me, and I cut him in the arm. He struck me no more after I cut him. When I became released from Powell, I was so weak that I staggered, and came near falling, when a bystander caught me. I tried every way to get out of Powell's way; when I saw I could not elude him and my strength was failing, I drew my knife and stopped. When I cut him he let me alone."

Cross-examination: "I did not intend to raise a row with Powell, but wanted him to let my children alone."

*Moore & Duncan*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was charged with having committed an aggravated assault on one Joe Powell, by cutting him with a knife and inflicting upon him serious bodily injury. The conviction was for a simple assault, and appellant was fined five dollars. Appellant urges two grounds why this cause should be reversed: (1) Because the evidence is insufficient to support a conviction for any offense; and (2) the appellant having been charged with an assault with a knife, the court evidently found him guilty of an assault with a stick, and such finding cannot be sustained under the information in this case. In regard to the last proposition, the rule is that, as the indictment or information particularizes the transaction upon which the charge of an assault or assault and battery is based, the proof must be confined to that

transaction, so particularized. If the proof shows that the assault, or assault and battery, was made with the knife, as charged, but fails to show that serious bodily injury was inflicted, a conviction for a simple assault and battery can be sustained. But to depart from the allegation contained in the information or indictment, and convict on a transaction not alleged or described in the indictment or information, is not permissible. The question, therefore, before us, is whether the proof shows that the assault, or assault and battery, was made by the appellant with the knife. If not, this conviction cannot be sustained for a simple assault and battery. It appears from the statement of facts that the altercation arose between the prosecutor and the appellant in regard to some supposed improper treatment or language used towards the children of the appellant; the prosecutor contending that he had received insults from the children of his neighbor (the appellant), and the appellant contending that this was not true, and that when he mentioned the subject to the prosecutor the difficulty arose. The prosecutor states that he handed his child, whom he had in his arms, to his wife, and made at the defendant, "with the intention of inflicting a chastisement or a beating upon the defendant"; that when he got in reach of the appellant the appellant struck him with the stick. Appellant contends —and supports his contention, not only by his own testimony, but that of several witnesses—that the prosecutor rushed upon him, when the lie was passed between the parties, seized his stick, took it from him, and struck him several licks with the stick, whereupon the appellant fled, and was pursued by the prosecutor, and when he was overtaken he stabbed him in self-defense. Now, it is evident that if appellant, notwithstanding the flight, had turned upon his adversary, and, not in his self-defense, inflicted the wounds with the knife, the court could have found him guilty of an aggravated assault and battery, with the knife. The prosecutor was stabbed several times in the arm, disabling him, and causing him to remain in bed about a month. There is no doubt in our minds but that the court found the appellant guilty upon the testimony of the prosecutor that he struck him with the stick. This being the case, it was not authorized by the allegations in the information. We are also of opinion that the great weight of the evidence in this case supports the theory of the defendant that he, if the aggressor originally, had clearly abandoned the difficulty, and was on the run, when overtaken by the prosecutor, and that he stabbed him in self-defense. That it was necessary in order to protect his life or person from serious bodily injury, there can be no question. The appellant was a much smaller man than the prosecutor, and had just recovered from an attack of flux, which had reduced his strength, and he was then very feeble. The prosecutor and his son and wife were all in pursuit of the appellant at the time he inflicted the wound with the knife. The judgment is reversed and the cause remanded.

*Reversed and Remanded.*