AMOS J. DAVIS *v*. THE STATE OF MISSISSIPPI.

CRIMINAL LAW. *Joint indictment. Misdemeanor. Different verdicts. Code*
1892, § 4378.

 Where two persons are jointly indicted for a misdemeanor, if the
testimony is exactly the same against both, and is delivered by the
same witness, the verdict must be the same as to each of the
accused, although the crime may not be joint in its nature. If
one be convicted, and there be a mistrial as to the other, the con-
viction is erroneous. Such a case is not within the provisions of
code 1892, § 4378. TERRAL, J., dissenting.

FROM the circuit court, first district of Hinds county.

HON. ROBERT POWELL, Judge.

The appellant and one Baxter were jointly indicted for
unlawfully selling whisky; the evidence was confined to a sale
made by McCracken, as agent of defendants, to one Roach.

The first instruction for the state was in these words, viz. :

"1. The court instructs the jury that on a trial of two or more
persons jointly indicted, the jury may render a verdict of guilty
or not guilty as to one of the defendants, and as to the other
they may disagree, and by the court be discharged, without a
verdict as to all, should they be unable to agree as to all."

The first instruction for the defense was as follows, to wit:

"1. The indictment in this case is a joint indictment, and
cannot be sustained unless there be a sale by a joint agent of
Davis and Baxter; and, in order to convict defendants, it must
be shown to the satisfaction of the jury beyond any reasonable
doubt, (1) that a sale was made of the whisky; (2) that this sale
was made to Roach; (3) that it was made by John McCracken;
and (4) that McCracken, at the very time he made the sale to
Roach, if he did make such sale, was the agent of Davis and
Baxter."

---

---

The verdict of the jury found appellant guilty; the jury, being unable to agree as to Baxter, were discharged, and a second trial directed as to him. A judgment and sentence was entered upon the verdict against appellant, from which he appealed to the supreme court.

*Calhoon & Green* and *Williamson & Potter*, for appellant.

The first instruction given at the instance of the state is in direct and irreconcilable conflict with the first instruction granted at the instance of the defendant, and in reference to the very vital spot of the case. The first instruction for the state tells the jury that on this trial they may render a verdict of guilty or not guilty as to one of the defendants, and as to the other they may disagree, and, by the court, be discharged without a verdict, should they be unable to agree as to all. So when the court comes to consider that this is a joint offense charged, and when it comes to consider that every part of the evidence in the case submitted on the part of the state went to show joint liability, it will see the gravity of the error in giving the first charge asked by the state, and its great prejudice to the defendant. The mere fact of the conflict with the first charge for the defense should reverse the case, where the evidence is so conflicting. *Miss. C. R. R. Co.* v. *Miller*, 40 Miss., 45; *So. R. R. Co.* v. *Kendricks*, 40 Miss., 374; *Herndon* v. *Henderson*, 41 Miss., 584; *Horse* v. *Fultz*, 13 Smed. & M., 39 (Miss.); *Chapman* v. *Copeland*, 55 Miss., 476; *Cunningham* v. *State*, 56 Miss., 269; *Tyler* v. *State*, 69 Miss., 395; *Hudson* v. *State*, 73 Miss., 784; *Kimbrough* v. *Ragsdale*, 69 Miss., 677. It left the jury without any guide.

The first charge for the defendant is clearly right. As a joint sale is charged, a joint sale had to be proved. McCracken, who made the sale, was or was not the agent of both defendants. We insist that it is inescapable, and that this case should be reversed because of the error of giving the first charge for the state. The two men were jointly charged with a joint offense, and the

evidence was directed to the fact of its being a joint offense, and the court will note the fact that it is impossible, under the proof, that one should be guilty and the other innocent, and, therefore, under the evidence, in the case as presented by the state, directed at both, they had the right to demand that the joint charge should be believed by the jury before they could convict. It would be as well to hold that, where two are indicted for adultery, one might be acquitted and the other convicted, as to hold that, where a joint sale is charged, there can be a conviction of one and an acquittal or mistrial as to the other. This question is well considered in Black on Intoxicating Liquors, sec. 502, and the authorities there cited, to which we invite the special attention of the court.

*W. N. Nash*, attorney-general, for appellee.

The appellant claims that in this case they could not convict one without the other; certainly this is not such an offense under the law that both have to stand or fall together. This is not a case of unlawful cohabitation, nor is it a case of conspiracy. The court will also bear in mind, in the consideration of this case, they are dealing with a misdemeanor, and not a felony.

Argued orally by *S. S. Calhoon* and *C. M. Williamson*, for appellant, and by *W. N. Nash*, attorney-general, for the state.

WHITFIELD, J., delivered the opinion of the court.

The appellant in this case was jointly indicted with one Baxter for a sale of intoxicating liquors in violation of law. Only one witness was introduced by the state as to the sale. His testimony was, in all respects and in every detail, identically the same against one defendant as against the other. And yet the jury, trying both together, on an indictment charging a single sale, on evidence equally affecting both, delivered by the same witness—there being but this one witness as to the sale—convicted one and

disagreed as to the other.    We have found but three cases directly in point: *State* v. *Laurens Co.*, Harper (S. C.), p. 183; *Turner's case*, 1 Sid. (English), cited by Mr. Bishop, 1 Bishop's New Crim. Proc., note 1, at p. 656; and *State* v. *Henry Wilson and James Davis*, 3 McCord (S. C.), 187.

In the first case, the two parties were indicted jointly for grand larceny, tried before the same jury on exactly the same evidence, and one was convicted of petit larceny and the other of grand larceny.    The court held that the verdict must be set aside as inconsistent, on the express ground that the offense "charged against each was the same, and the evidence equally affected both."    The third case cited holds the same doctrine on the same state of case, and the reasoning is clear and unanswerable.    "Two persons equally concerned in stealing the same article cannot be guilty of different offenses.    For although a jury have an almost unlimited power of valuing stolen property at what they please, so as to bring the case within petit larceny, they cannot value it at one price in the hands of one man, and at another price in the hands of another who is equally concerned in the transaction. . . .    The prisoners have either been guilty of two distinct offenses, and, therefore, ought not to have been indicted together, or they have been guilty of the same crime, and should have been convicted of the same.    The verdict, therefore, is inconsistent, and must be set aside."    In Turner's case, several were jointly indicted for burglary, and it was held that the jury could not find one guilty of burglary and the other of larceny only.    It was not meant that this could not ordinarily be done, but, as Mr. Bishop points out, that it could not be done on the facts in that case.    "There," says Mr. Bishop, "the very nature of the case precluded such a finding, for the evidence was the same as to all."

Now, this observation of Mr. Bishop's furnishes the key to the solution of the peculiar case before us.    Of course, as a matter of pleading, two may be jointly indicted for the same offense, whether the offense be in its nature joint or not.    And,

on a joint trial before the same jury, where the offense is not in its nature joint, one may be convicted and the other acquitted, or one may be convicted and the jury disagree as to the other, provided the evidence warrants the difference in the results. But where there is but one witness, and his testimony equally affects both, it is simply impossible that a different result can be legally reached as to the two. If there were two witnesses as to one, and one as to the other, or if the testimony of a sole witness went further against one than the other, the jury might convict one and acquit the other, or disagree as to him, because there the evidence does not equally affect both, and credibility of the witness is for the jury.

The general rule that where two are jointly indicted for the same offense, it not being in its nature a joint offense, the jury may acquit one and convict the other, or disagree as to the other is, of course, admitted. That is a mere rule of pleading and practice. They may, but when? Only when the evidence warrants it. They may believe one witness and disbelieve another; they may accept circumstances against positive testimony; where there is the slightest difference in the testimony as between the two, they weighing that testimony may make the difference. But in a case like this, where the whole testimony is that of a single witness in every particular the same against one as the other, it is not legally possible that a verdict which distinguishes is a response to the evidence.

As stated, the general rules are admitted. See them set out in 1 Bishop's New Crim. Proc., secs. 1036, 1037, and note. Offenses may be joint in their nature—as, conspiracy, affray, unlawful assembly, adultery, fornication, etc. Here, ordinarily, one cannot be guilty and the other innocent. Yet, here it may depend on which one. For if more than two be indicted for conspiracy, or more than three for a riot, one may be convicted, the other being dead or not arrested, or one may be convicted and others acquitted, provided the evidence shows that the party convicted was guilty with others indicted, but not then tried,

of committing the particular offense.    1 Bishop's New Crim.
Proced., secs. 1022, 1023.    The correctness of the result here,
too, depends on the evidence.    *Klein* v. *People*, 31 N. Y., 236,
237; *Com.* v. *Wood,* 12 Mass., 312, and see note, p. 313—a
case of disagreement as to one, on evidence different as to one
from what it was as to the other; *State* v. *Mainor*, 6 Iredell
(28 N. C.), 340—an adultery case; and *State* v. *Bailey et al.*,
3 Blackford, 209—an unlawful assembly case.    One of many
jointly indicted for conspiracy, for example, who may be con-
victed on a trial of just himself and one other, cannot complain
—that other being acquitted—if the evidence shows him guilty
*cum multis aliis* than the one acquitted, such others being in-
dicted and still to be tried before another jury.

So, where the offense is not in its nature joint (and that is the
nature of the case at bar), but two or more are jointly indicted,
and tried before the same jury for the same offense, though not
joint in its nature, as stated, the jury may, if the evidence war-
rants the differences in the findings, convict one, acquit another
and disagree as to a third; or, where the offense charged includes
different degrees, convict one of one degree of guilt, another of
another and a third of a still different degree of guilt; but the
findings must be responsive to the evidence.    Mask's case, 32
Miss., 405, is as conspicuous an illustration of the last propo-
sition as can be found in the books.    It must, therefore, be
obvious that it does not advance the solution of this case a step
simply to say that where two are jointly indicted for a single
sale, the same offense, not joint in its nature, and are jointly
tried before the same jury, as matter of pleading and practice
one may be convicted and the jury may disagree as to the other.
Most assuredly, as matter of pleading and practice, they may;
but whether, in such case, they should, depends, manifestly, on
whether the "evidence equally affects both."    And where that
evidence is, as here, delivered by but one witness, and is iden-
tically the same throughout, against one as the other, no jury
can be permitted to make a difference in their cases by a purely
arbitrary finding.

The first instruction for the state is in conflict with the first for the defense, and both are wrong. It is also in conflict with the other charges given for the state. The first charge for the state is wrong for the reasons already indicated. It is a perfectly correct abstract proposition of law, but wholly erroneous on the case made by the evidence. The first instruction for the defense is misleading, because it told the jury that they could not convict the defendants—in the plural—unless they believed that McCracken was, at the very time he made the sale, the agent of Davis and Baxter. The jury might have understood this to mean, that in no state of the proof could they convict one without convicting the other. But this, as shown, depended on the proof, which, had it been different as to one from what it was as to the other, might well have warranted different findings as between the two defendants. For this is not an offense joint in its nature. Nor is it one that must necessarily, under this indictment, have been jointly committed. It is charged to have been jointly committed. But *non constat* the proof might show one committed the act and the other did not. Under joint indictments for offenses not in their nature joint, the indictment is considered several as to each. 1 Bish. New Crim. Pro., sec. 1036; 1 Arch. Crim. Pl. & Prac. (8th ed.), p. 303.

Cases cited by counsel for appellant on this point are inapplicable. Ball's case, 67 Miss., 362, merely holds that parties cannot be convicted of distinct offenses under an indictment charging a joint act. There—a case of disturbing public worship—all the parties might have been convicted properly of the crime—disturbing public worship—though the evidence might have shown each guilty in a different mode, by conduct of a different kind, the conduct of each constituting a different mode of disturbing public worship.

For the errors indicated in the charges, and in the manifest inconsistency of the verdict, the

*Judgment is reversed, the verdict set aside and the cause remanded for a new trial.*

TERRAL, J., delivered the following dissenting opinion:

I am of opinion that the instructions given in the circuit court were correct, and that the evidence clearly proved the defendant to be guilty. I do not believe that the mistrial as to Baxter can be a cause of complaint by Davis. If, in cases of crimes not joint in character, it shall be held necessary to convict both defendants, where the evidence is the same as to both, or otherwise the verdict will be set aside as to the one convicted, a serious obstacle will be thrown in the way of circuit judges in the enforcement of the criminal law.

Davis is plainly guilty of the crime laid to him upon the evidence before the court, and probably, by the evidence of Mc-Cracken, the guilt of Baxter is equally plain; but, if the jury, in its sovereign power, dealt too mercifully with Baxter, I cannot see on what ground Davis can make that a cause of complaint in this court. That Davis be discharged, is, of itself, but of little moment. He claims and gets a reversal because the court says that it is "impossible, upon the evidence of Mc-Cracken, that Davis should be guilty, and Baxter not guilty." Besides McCracken, both Davis and Baxter, and more than twelve other witnesses testified in the case before the jury. The jury may have seen in the matter or manner of the testimony of Davis and Baxter, enough to unite them on a verdict of guilty as to Davis, and to cause their disagreement as to Baxter.

The court say that the jury may find such a verdict as that given in this case, "only when the evidence warrants it." To my mind, the verdict is conclusive that it was warranted in this case. I see nothing in the record which authorizes the saying that the verdict is "unwarranted by the evidence" or "inconsistent" or "legally impossible."

The instructions given by the learned circuit judge are correct according to the English doctrine, and they are supported by the sounder reason, and by the greater weight of authorities in America. Hawkins, after Sir Matthew Hale the most distinguished common law writer on criminal law, says: "Where

several are indicted for treason or felony, or other crime, which may be as well done by one only as by more, a verdict may find one of the defendants only guilty, and acquit all the rest.'' 2 Hawk. P. C., 622. There is no suggestion that, as to this rule of law, there is anything depending on the evidence. A like rule is stated by other common law authorities. Proffatt on Jury Trials, sec. 433; *Rex* v. *Taggart*, 1 Car. & P., 201; 3 T. R., 105; Black Intox. Liq., sec. 378; *Strawhern* v. *State*, 37 Miss., 429.

In Strawhern's case, Chief Justice Smith, where four persons were jointly indicted for gaming, said: ''The parties were, in effect, severally charged with the commission of separate and distinct misdemeanors, and not with the joint commission of the same offense.''

As in misdemeanors there is no distinction made in the pleading between principal and accessories, and as there may be many shades or degrees of guilt among the several persons participating in such crimes, the action of the jury is, and of right ought to be, above the direction or control of the court.

A jury having passed upon Davis' guilt, and found a verdict strongly supported by the evidence, I fail to see, even upon the discordant cases cited from Bishop, any ground for the interposition of this court.

After the delivery of the foregoing opinions, *Wiley N. Nash*, attorney-general, filed a suggestion of error, urging that the reversal, on the grounds upon which it was placed by the opinion of the court, contravened the provisions of § 4378, code 1892. The section of the code referred to is as follows:

'' § 4378. *Appellant not entitled to reversal for error as to another.*—In all cases, civil and criminal, a judgment or decree appealed from may be affirmed as to some of the appellants and be reversed as to others; and one of several appellants shall not be entitled to a judgment of reversal because of an error in the judgment or decree against another, not affecting

his rights in the case. And when a judgment or decree shall be affirmed as to some of the appellants and be reversed as to others, the case shall thereafter be proceeded with, so far as necessary, as if separate suits had been begun and prosecuted, and execution of the judgment of affirmance may be had accordingly. Costs may be adjudged in such cases as the supreme court shall deem proper.''

WHITFIELD, J., delivered response to suggestion of error.

It is difficult to understand how the section of the code of 1892 cited could be supposed to have any application. Davis did not assign any error as to Baxter, whether affecting or not affecting Davis' rights. Davis distinctly assigned the inconsistency of the verdict as one error, and the errors in the instructions as another error, and assigns both distinctly as errors committed directly against him, Davis.

*Overruled.*