## THE STATE OF KANSAS V. WILLIAM LOGAN.
### No. 14,770.   (85 Pac. 798.)
#### SYLLABUS BY THE COURT.

JURY AND JURORS—*Deliberations—Consultation—Individual Responsibility.* An instruction relating to the individual responsibility of each juror in a criminal case which implies that he is to act solely upon his individual judgment, and is silent as to his duty to consult with his fellow jurors, is erroneous.

Appeal from Atchison district court; BENJAMIN F. HUDSON, judge. Opinion filed May 12, 1906. Affirmed.

### STATEMENT.

THE defendant was tried, convicted and sentenced in the district court of Atchison county for the crime of burglary in the second degree, and appeals to this court.

*C. C. Coleman,* attorney-general, and *F. S. Jackson,* assistant attorney-general, for The State.

*W. W. Guthrie,* for appellant.

The opinion of the court was delivered by

SMITH, J.: Two errors are alleged in addition to the denying of a motion for a new trial: First, the refusal to give instruction No. 10 asked by the defendant, which reads as follows:

"The defendant is entitled to the separate judgment of each and every one of the twelve jurors, and it is the duty of each juror to refuse to concur in a verdict of guilty unless he is satisfied in his own mind that each and every fact necessary to establish the guilt of defendant has been established by the evidence beyond a reasonable doubt."

This instruction was probably intended to be framed after an instruction approved in *The State v. Witt,* 34 Kan. 488, 495, 8 Pac. 769, which reads:

"If any one of the jury, after having considered all

the evidence in this case, and after having consulted with his fellow jurymen, should entertain a reasonable doubt of the defendant's guilt, or, after such consideration and consultation, should entertain a reasonable doubt as to whether or not the defendant was present at the time and place of the commission of the alleged homicide, then the jury cannot find the defendant guilty."

It will be observed, however, that a material element in the individual responsibility resting upon each juror is omitted from the instruction requested, and it is therefore erroneous. The verdict of a jury is the combined judgment of twelve men who have all heard the same evidence, each one of whom may have received some impression therefrom differing from that of all his fellows, and is not the separate, independent act of twelve men—that is, twelve independent verdicts. After hearing the evidence and the arguments of counsel thereon, *pro* and *con,* in which arguments the evidence is usually sought to be harmonized with the conclusion of the guilt of the defendant by the attorneys for the state and with the conclusion of the innocence of the defendant by the attorneys for the defendant, the jurymen are segregated to permit them to consult and compare views, for the purpose, of course, of coming to a common conclusion that will satisfy the judgment of each juror. If such common conclusion can be arrived at it should be embodied in a verdict. If it cannot be arrived at there should be a disagreement. Witnesses may feel an interest or a sympathy for one side or the other, and counsel are presumed to use all honorable efforts in favor of the side for which they appear. The deliberations, therefore, of the jury, in which all the evidence should be considered, as well as all of the different theories of counsel and the different impressions of the individual jurors, are of the utmost importance; and any instruction as to the individual responsibility of a juror which omits the important matter of consultation is clearly erroneous. The in-

struction asked in this case should have been, as it was, refused.

As to the second error complained of, it is the province of counsel in argument to apply the instructions of the court to the facts as shown by the evidence, and then to aid the jury in so doing. In the argument of the county attorney in this case he told the jury that the term "reasonable doubt" in the instructions of the court did not mean a mere imaginary or captious doubt. Defendant's counsel thereupon objected, and the court remarked that while the court had not used those words in its instructions the definition of "reasonable doubt" was probably correct. This was no new instruction, and was not therefore required to be written. It was simply an elaboration of words. It was an illustration of what "reasonable" means—not imaginary, not captious. In this there was no error.

Counsel for appellant makes a strong and vigorous argument in support of his contention that the court should have set aside the verdict of the jury and granted a new trial on the ground that the verdict is contrary to the evidence. It is contrary to much of the evidence, and is in accord with much of the evidence. If the jury had believed the evidence upon which the attorney for the appellant places emphasis, and had disbelieved the evidence for the state, their verdict should have been different. It is the especial duty of the jury to determine the weight and credibility of the evidence, and when they have done so, and the court has approved the verdict, this court will not reverse the result on this ground, providing, of course, there is evidence which, if credible, sustains the conclusion reached.

The judgment of the district court is affirmed.

All the Justices concurring.