## J. R. MALONEY ET AL. v. THE STATE.

### No. 132.   Decided December 15, 1909.

**1.—Simple Assault—Charge of Court—Variance.**

Upon trial for simple assault the court erred in instructing the jury with reference to an assault by means not alleged in the information.

**2.—Same—Charge of Court—Burden of Proof.**

Where, upon trial for simple assault, the court's charge placed the burden of proof upon the defendant, there was reversible error.

**3.—Same—Charge of Court—Several Defendants.**

Where, upon trial of two defendants for simple assault, the charge of the court authorized the jury, if they found either of the defendants guilty, then they must find both of them guilty, there was reversible error.

Appeal from the County Court of Grimes. Tried below before the Hon. Hood Boone.

Appeal from a conviction of simple assault; penalty, a fine of $5. The opinion states the case.

*Buffiington & Bowen* and *M. E. Gates,* for appellants.

*F. J. McCord,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellants were convicted in the County Court of Grimes County, on the 28th day of April, of this year of simple assault, and a fine of $5 assessed against each of them.

They were charged by information with an assault upon one J. H. Foster. The allegation is, that appellants "did then and there strike, beat, wound and bruise the said J. H. Foster with their hands and fists."

1. On the trial the court gave, among other things, the following instruction: "An assault and battery may be committed by the use of any part of the body of the person committing the offense, as of the hand, foot, head, or by the use of any inanimate object as a stick, knife or anything else capable of inflicting the slightest injury, or by the use of any inanimate object." The court also gave the following charge: "Any means used by the person assaulting, as by spitting in the face or otherwise, which is capable of inflicting an injury, comes within the definition of an assault or an assault and battery, as the case may be. And then proceeded to instruct the jury as follows: "Now, if you believe from the evidence beyond a reasonable doubt that the defendants, J. R. Maloney and W. H. Horton, or either or both of them, did on or about the 8th day of March, A. D. 1909, in the county of Grimes, State of Texas, did as charged, commit an assault or an assault and battery upon J. N. Foster, you will find them guilty and assess their punishment at a fine of not less than five nor more than twenty-five dollars each." Complaint was duly made of this charge, and it is now urged that same should be confined to the case made in the complaint, and that the court should not have instructed the jury with reference to an assault by means not alleged in the information. There was no evidence of the striking of Foster with a stick, knife, foot, head or any inanimate object. This complaint is well taken. In the case of Herald v. State, 37 Texas Crim. Rep., 409, it was held that where an information charged an aggravated assault with a knife, the allegation is not sustained, nor a conviction warranted, upon proof that the assault was committed with a stick. If when the court came to submit the direct question to the jury he had restricted them to finding that the assault must have been made by the means charged in the information, it might be that the error in the general definition in the court's charge might have been treated as harmless, but in the light of the entire charge the error is patent and manifest.

2. In connection with the charge of the court last quoted, the jury were also instructed as follows: "But if you believe from the

evidence that the defendant, W. H. Horton, at the time of the alleged assault, was acting in a peaceable manner, without the intent to commit an act of violence upon the person of the injured party, the said J. H. Foster, you will acquit the defendant, W. H. Horton, and say by your verdict as to W. H. Horton, not guilty, but if you believe from the evidence that the defendant, W. H. Horton, aided and abetted the defendant, J. R. Maloney, by any means whatever, in making an assault, if any was made, upon the said J. H. Foster, then in such case you will find the said defendant guilty, and so say by your verdict." The entire charge is complained of because it authorized the jury, if they found either of the appellants guilty then they must find both of them guilty, and that the clause last quoted was erroneous in that it placed the burden upon Horton of proving that he was acting in a peaceable manner and without intent to commit an act of violence upon the person of the injured party. The charge is indeed very inartistically drawn, and is subject to the above objections.

For the errors pointed out, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*