STATE OF IOWA, Appellee, v. JAKE MILLER AND JOHN MILLER, Appellants.

CRIMINAL LAW: Trial—Joint Defendants—Form of Verdict. It is reversible error to submit, in a joint trial of joint defendants, forms of verdicts which require a joint conviction or a joint acquittal, the evidence against the defendants being materially different on the question of guilt. (Sections 3730, 5384, Code, 1897.)

*Appeal from Hardin District Court.*—R. M. WRIGHT, Judge.

TUESDAY, APRIL 4, 1916.

DEFENDANTS were jointly indicted for the crime of keeping a liquor nuisance. Verdict of guilty, and from the judgment imposed, they appeal.—*Reversed* and *Remanded.*

*E. H. Lundy, Dean W. Peisen* and *W. H. Soper,* for appellants.

*George Cosson,* Attorney General, *John Fletcher,* Assistant Attorney General, and *C. A. Bryson,* County Attorney, for appellee.

DEEMER, J.—Defendant Jake Miller owned a restaurant and lodging house in the city of Iowa Falls, which was conducted by his son, John Miller, and they were jointly indicted for the crime of keeping and maintaining a liquor nuisance therein. They each entered a plea of not guilty, and upon trial, were convicted of the offense charged. There was enough testimony, if believed by the jury, to justify a conviction of John Miller for actual sales of liquor in the building; but no testimony whatever that Jake Miller made any sales therein. The only thing on which the latter might have been found guilty was that he knew intoxicating liquors were being kept for sale or were sold in his building contrary to law, and that he thus approved of or ratified the sales. This he squarely and absolutely denied, and he also testified that he took extra precaution against the sale or keeping for sale within the building of any intoxicating liquor of any kind whatever. There may have been enough testimony, however, for the state to convict him on this theory; but the court in its instructions said:

"I give you two forms of verdict, and when you go to your jury room, you will select one of your number as foreman. Your verdict should be reduced to writing, and signed

by your foreman. If you find in favor of the State, your foreman will sign the first form of verdict. If you find the defendants not guilty, your foreman will sign the second form of verdict."

These forms were:

"We, the jury in the above entitled cause, do find the defendants guilty as charged in the indictment.

. . . . . . . . . . . . . . . . . . . . . . . . . ."

or,

"We, the jury in the above entitled cause, do find the defendants not guilty.

. . . . . . . . . . . . . . . . . . . . . . . . . ."

No other form was submitted; and under the instructions, the jury was not authorized to find one defendant guilty and the other not guilty.

In this, we think there was error which calls for a reversal of the judgment. Under our Code Sec. 5384, "Upon an indictment against several defendants, any one or more may be convicted or acquitted." See also *State v. McClintock*, 1 G. Gr. 392.

The effect of this statute is to make an indictment against two or more both joint and several, as the facts may warrant; but the verdict should be so molded as to accord with the facts and meet the exigencies of the case. Code Sec. 3730. Had the testimony been the same as to each defendant, doubtless no presumption of prejudice would arise. But that is not the situation here. Under the instructions, a jury was justified in concluding that, if they found John Miller guilty, they should also find his co-defendant guilty with him. Again, some of the jurors might have insisted that, if the State failed to show either guilty, neither should have been convicted. In other words, there was no room for an intelligent solution of the problem of what the jury may have actually found as to defendant Jake Miller. Courts of other states have held

that such an instruction, or direction to a jury, is erroneous. *Hayden v. Nott,* 9 Conn. 366; *People v. McGrath,* 5 N. Y. Cr. R. 4; *Hampton v. State,* 45 Tex. 154. Defendants made the point in their motion for a new trial and in arrest of judgment, saying that, in the hurry of the trial, they overlooked the error, but immediately discovered it after the verdict was returned. Other rulings were correct or are not likely to arise on retrial; but for the error pointed out, the judgment must be reversed.—*Reversed* and *Remanded.*

EVANS, C. J., WEAVER and PRESTON, JJ., concur.