## Felix and McKinley Sizemore v. Commonwealth.

(Decided June 28, 1922.)

### Appeal from Bell Circuit Court.

1. Criminal Law—Appeal and Error.—Under an indictment charging them jointly and severally with the crime of murder, the appel-

lants were jointly tried and convicted in the court below of volun-
tary manslaughter, with punishment to each of twenty-one years'
confinement in the penitentiary. But as by the action of the trial
court each of the several instructions given the jury was so worded
as that they were required by them either to convict or acquit
both appellants, whereas, under correct instructions, they might
have found the conviction or acquittal of only one of them au-
thorized by the evidence, such action of the trial court constitutes
prejudicial error compelling the reversal of the judgment as to
each of the appellants.

2.  Criminal Law—Instructions.—On another trial of the case the trial
court will add, in the proper connection, to such of the intructions
as may be found necessary, the following words, or such words
as will convey their meaning: "The jury may find either of the de-
fendants guilty and the other not guilty, or they may find both
of them guilty, or both of them not guilty."

J. G. ROLLINS for appellants.

CHAS. I. DAWSON, Attorney General, and THOS. B. McGREGOR,
Assistant Attorney General, for appellee

OPINION OF THE COURT BY JUDGE SETTLE—Reversing.

The appellants were jointly indicted for the murder
of Harvey Smith. They had a joint trial under the in-
dictment resulting in a verdict finding each of them
guilty of voluntary manslaughter and fixing the punish-
ment of each at confinement in the penitentiary twenty-
one years. They were refused a new trial and have
appealed. It would serve no good purpose to set forth
or discuss in the opinion the evidence heard on the trial.
As the case must be retried, it is the safer course to
withhold general comment upon its force and effect.
Nevertheless it is proper to say that none of it seems to
have been fatally incompetent, nor is there any ruling of
the trial court in the matter of excluding offered evi-
dence, seriously complained of by the appellants.

The record, however, discloses error committed by
the trial court in instructing the jury, which will compel
the reversal of the judgment. As worded each of the
several instructions given required the jury to convict
or acquit both defendants, though the conviction or ac-
quittal of only one of them may have been authorized by
the evidence, and under correct instructions the jury
might have so found. Such error was necessarily so
prejudicial to the substantial rights of the appellants as
to have prevented a fair and impartial trial. On another
trial the court below should add to such of the instruc-

tions as may be found necessary, in the proper connection, some such qualifying words as will convey the meaning of the following: "The jury may find either of the defendants guilty and the other not guilty, or they may find both of them guilty or both of them not guilty." Martin v. Comwth., 193 Ky. 835.

Other errors assigned by the appellants for a reversal it is deemed unnecessary to consider, as they will not occur on another trial. For the reasons indicated the judgment is reversed, as to both appellants, and cause remanded for a new trial and other proceedings not inconsistent with the opinion.