No. 24,465.

THE STATE OF KANSAS, *Appellee,* v. ANNA CLOUSE and LILLIE CLOUSE, *Appellants.*

SYLLABUS BY THE COURT.

1. DISTURBING THE PEACE—*Two Persons Jointly Charged—Instructions.* Where two persons are jointly charged with disturbing the peace, either or both may be convicted or acquitted.

2. SAME. It is not error to refuse to give the following instruction:

"You are further instructed that before you can convict the defendants, the evidence must satisfy you beyond a reasonable doubt of the guilt of the defendants as charged, and if any one of you has a reasonable doubt as to the guilt of the defendants, then you cannot convict the defendants."

It did not correctly state the law.

Appeal from Kingman district court; GEORGE L. HAY, judge. Opinion filed April 7, 1923. Affirmed.

*Thomas C. Wilson,* and *Henry Lampl,* both of Wichita, for the appellants.

*Charles B. Griffith,* attorney-general, *John F. Rhodes,* assistant attorney-general, and *Clark A. Wallace,* county attorney, for the appellee; *Charles C. Calkin,* of Kingman, of counsel.

The opinion of the court was delivered by

MARSHALL, J.: The defendants were jointly charged in two counts with disturbing the peace and quiet of Myrtle Stoehr and of the neighborhood in and about Main street in the town of Murdock in the county of Kingman. The defendants were tried together and were convicted on both counts. They appeal. They urge error in the refusal of the court to give instructions requested.

1. The defendants requested the following instruction:

"You are further instructed that where two or more defendants are jointly indicted for disturbing one's peace a joint offense is charged and the joint offense must be proven; and unless you find that each of the defendants intentionally and actively joined in disturbing the peace of the prosecuting witness, Myrtle Stoehr, providing you find her peace was disturbed as herein charged, then you must return a verdict for said defendants and each of them of not guilty."

That instruction was not given. The court instructed the jury as follows:

"The jury is at liberty to convict or acquit either one or both of the defendants in the case upon either one or both the counts in the information, as the evidence in the case may warrant."

The instruction given correctly stated the law.

"Where several defendants are tried together for the same offense, the jury should be instructed that they may find some of such defendants guilty and some not guilty; and an instruction which submits only verdicts finding all the defendants guilty or all not guilty, or which, in other words, makes the guilt or the innocence of one dependent upon the guilt or the innocence of the others is erroneous." (16 C. J. 1028.)

It was not error to refuse to give the instruction requested.

Even if the instruction requested had been proper, no injustice was done because both defendants were convicted. If one had been convicted and the other acquitted, the objection, if valid, would have been available.

2. The defendants requested the following instruction:

"You are further instructed that before you can convict the defendants, the evidence must satisfy you beyond a reasonable doubt of the guilt of the defendants as charged, and if any one of you has a reasonable doubt as to the guilt of the defendants, then you cannot convict the defendants."

The court did not give that instruction, but gave the ordinary instruction concerning reasonable doubt. It must be observed that the instruction requested said nothing about the duty of each juror to consult with his fellow jurors. The instruction did not correctly state the law. (*The State v. Logan*, 73 Kan. 730, 85 Pac. 798; *The State v. Tolliver*, 109 Kan. 660, 202 Pac. 99.) There was no error in refusing to give the instruction requested.

The judgment is affirmed.