(No. 2815, July 25, 1924)

## STATE v. WARD et al.

### SYLLABUS BY THE COURT

1. Where two or more persons are jointly charged with a crime which is not necessarily joint in its nature, the jury should be instructed that a part of them may be convicted and the others acquitted.

2. Questions other than jurisdictional ones must be presented to the trial court, and cannot be raised for the first time on appeal.

3. A motion to strike out testimony admitted without objection is addressed to the discretion of the trial court, as counsel cannot sit by and allow such testimony to be given and then predicate error upon a denial of a motion to strike out.

Appeal from District Court, Union County; Leib, Judge.

Frank Q. Ward and another were convicted of manslaughter, and they appeal. Reversed and remanded, with directions.

O. P. Easterwood, of Clayton, for appellants.

M. J. Helmick, Atty. Gen., and John W. Armstrong, Asst. Atty. Gen., for the State.

### OPINION OF THE COURT

BRATTON, J. Appellants were jointly indicted, charged with the murder of S. S. Leach. They were tried together, and each found guilty of voluntary manslaughter. From such conviction they have appealed.

[1] 1. As worded, each of the several instructions

given the jury required that they find the defendants
guilty or not guilty together, as the case might be, and
nowhere were they ever told that they might convict
one defendant and acquit the other, if the evidence
warranted that action.   The instruction submitting
the several kinds of verdicts for use by the jury was
as follows:

"When you retire to your jury room, you will first select
a foreman.   Four forms of verdict will be given you:   One
finding the defendants guilty of murder in the first degree;
one finding the defendants guilty of murder in the second
degree; one finding the defendants guilty of voluntary man-
slaughter; and one finding the defendants not guilty.   The
verdict you agree upon your foreman will sign, and you will
all return it into court."

There is nothing to be found anywhere in the instruc-
tions which expressly informed the jury or even in-
ferentially indicated that they had the right to convict
one defendant and acquit the other.   To the contrary,
the several instructions, when considered separatly or
as a whole, required that they consider the case against
both defendants together, and nowhere allowed them
to separate the charge and treat it individually as to
each of the accused.   This may not be required in that
class of cases which are essentially joint in their na-
ture, such as conspiracy, unlawful assembly, fornica-
tion, or adultery, but in a case of this character, where
the crime is not necessarily a joint one, the charge must
be treated as a separate one against each person ac-
cused thereof, and each is entitled to have his guilt or
innocence determined by the rules applicable to him,
particularly so in a case of this kind where intent, mo-
tive, and condition of the mind are necessary elements
to be considered by the jury.   While it may be true that
they are both guilty, they were entitled to have the jury
determine that question, and, in doing so, to have the
jury advised that one might be acquitted, even though
the other was found guilty.   It is no answer to say that
under the facts proven they were necessarily both guilty
or both innocent, because that was a matter for the
consideration of the jury.   Neither is it any answer to
the contention to say that the case was tried upon the

theory that they were both guilty or both innocent, because the prosecution may have so regarded the case, but the jury may have entertained an entirely different view of it.

In this particular case the jury may have found that one of the defendants provoked the difficulty, and without justification began firing upon the deceased, and thereby became guilty of involuntary manslaughter. They may have further believed that after said defendant had so provoked the difficulty, and, after the deceased returned the attack by firing upon both defendants, the other defendant for the first time shot the deceased, and was justified in so doing, and indeed there is evidence which, if believed, will create this belief, and yet, under the instructions of the court, the jury was compelled to convict both or acquit both. Each of the defendants had the right to have his guilt or innocence determined by the jury unbiased and without being influenced by the evidence respecting the guilt or innocence of his codefendant. This could not be done under the instructions given. State v. Vaughan et al., 200 Mo. 1, 98, S. W. 2; State v. James et al., 216 Mo. 394, 115 S. W. 994; Sizemore et al. v. Commonwealth 195 Ky. 621, 242 S. W. 842; Hampton v. State, 45 Tex. 154; Abbata et al v. State, 51 Tex. Cr. R. 510, 102 S. W. 1125; Maloney et al. v. State, 57 Tex. Cr. R. 435, 125 S. W. 36; Sellers et al, v. State, 61 Tex. Cr. R. 140, 134 S. W. 348; State v. Daniels et al., 115 La. 59, 38 South, 894; Abrams et al. v. State, 121 Ga. 170, 48 S. E. 965; Davis. v. State, 75 Miss. 637, 23 South. 770, 941; State v. Harvey, et al., 130 Iowa, 394, 106 N. W. 938; State v. Clouse et al., 113 Kan. 388, 214 Pac. 103. This rule is so well discussed by the Chief Justice of the Supreme Court of Missouri, in the case of State v. Vaughan et al., supra, that we quote the following therefrom:

"It is insisted that instruction No. 2 asked by defendants should have been given, and a separate finding or verdict as to each one, because each of them had the right to have his case passed upon by the jury, as if he alone were upon trial. As the case went to the jury, this phase of it was not sub-

mitted to them, in the absence of which the jury may have believed that it was their duty under the evidence and instructions to find the defendants all guilty or to acquit them all. While it may be true that they were all alike guilty, were they not entitled to have the jury instructed that they were at liberty to find one or more of them guilty and others not guilty, as they might believe from the evidence? We think they were. It is no answer to this suggestion to say that under the evidence they were all alike guilty, for that question was for the consideration of the jury, and it was their province, if so inclined, to have acquitted either one or all of them, or to have acquitted some of them and found the others guilty, or guilty of a less degree of crime than that charged, notwithstanding the evidence to the contrary. State v. Orstrander, 30 Mo. 13, was a prosecution under an indictment charging murder in the first degree, and although no instructions were given bearing upon murder in the second degree, and the evidence clearly showed the defendant to be guilty of murder in the first degree, a verdict returned by the jury finding the defendant guilty of murder in the second degree was held to be responsive to the indictment, and that the trial court was bound to receive it. Each one had a right to have the jury pass upon his guilt or innocence, and the evidence considered by the jury in regard to his particular case, unbiased or uninfluenced by the evidence in respect to the guilt of his codefendants. In the case at bar the jury might have convicted a part of the defendants, and disagreed as to the others, or have acquitted a part of them and convicted or failed to agree as to the others, had they been so instructed. 1 Bishop's New Criminal Prac. § 1036; State v. Kaiser, 124 Mo. 651, 28 S. W. 182. In Abrams v. State, 121 Ga. 170, 48 S. E. 965. Abrams and one Osborn were jointly indicted for grand larceny. They were tried together, and both were convicted. The point was made in the motion for a new trial that the court failed to instruct the jury distinctly that the might acquit one of the accused even though the other was convicted. The Supreme Court held that it was erroneous under the peculiar facts of the case to fail to instruct the jury distinctly, though one of the accused were found guilty, the other might nevertheless be acquitted. In State v. Daniels et al., 115 La. 59, 38 South, 894, it is held that, where three persons are being prosecuted at the same time under the same indictment, the jury ought to be instructed that one or two may be convicted or acquitted without the conviction or acquittal of the other or others. Our conclusion is that this instruction or one or similar import should have been given, in view of the first instruction on the part of the state."

The state attempts to surmount this difficulty by contending that the exception to the instructions which sought to present this error to the trial court was insufficient to direct its attention thereto, and therefore the question is not reviewable here. While such exception

may be said to be rather incomplete, yet we think it was entirely sufficient to draw the attention of the court to the error into which it was falling, and this is all that is required.

[2] 2. During the fatal difficulty the horse then ridden by the appellant Starkey was shot through the head and killed.   There was considerable contention about the kind and character of this wound, as bearing upon whether it was shot by the deceased or by Starkey.   On rebuttal Robert L. Reid testified that he was at the scene of the homicide on the day it occurred, and that he then examined the animal's head, and that he again examined it some six or eight days thereafter. It is now urged that the testimony with respect to the subsequent examination was inadmissible, because it did not affirmatively appear that it was the same horse's head, and that it was not shown to be in the same condition as at the time of the shooting.   As previously stated, the witness stated that he made an examination of the animal's head on the day of the difficulty, and that he made a further examination of it later.   This clearly showed that it was the same head.   With reference to the contention that the head was not shown to be in the same condition at the time he made the second examination as it was at the time of the homicide, it is sufficient to say that no such question was presented to the trial court by objection, exception, or otherwise.   That is cannot now be reviewed here has been too often decided to require a citation of the authorities.

[3] 3. It is also contended that the court erred in refusing to strike out the testimony of the witness John Sullivan with reference to an examination he made of the animals head and the wounds found thereon.   The testimony was first challenged by a motion to strike it out, as no objection was interposed before its admission. Under the well settled rule declared by several decisions from this court, such a motion is addressed to the discretion of the trial court, as counsel cannot sit by and

allow a witness to give testimony and then predicate error upon a denial of a motion to strike it out. State v. Kidd, 24 N. M. 572, 175 Pac. 772; State v. Alford, 26 N. M. 1, 187 Pac. 720; State v. Lazarovich, 27 N. M. 282, 200 Pac. 422; State v. Anaya, 28 N. M. 283, 210 Pac. 567; and State v. Snyder, 30 N. M. 40, 227 Pac. 613.

4. The last contention made which we think merits discussion is the attack upon the sufficiency of the evidence to support the verdict. This may be disposed of with the statement that we have carefully read the entire record, and there is no absence of substantial evidence upon which the verdict is founded. It is present, and under such circumstances the verdict of a jury will not be disturbed on appeal. This is a rule so well established that we shall not cite the many cases to that effect.

Counsel for appellants has discussed some other questions in his brief without citing any authorities to sustain them. We have examined them, and find no merit in any of them.

On account of the error hereinbefore referred to, the judgment must be reversed and the cause remanded, with directions to award appellants a new trial; and it is so ordered.

PARKER, C. J., and BOTTS, J., concur.